CALOGERO, Justice.
Defendants in this case are each charged by the State of Louisiana with two violations of the Jefferson Parish obscenity ordinance, Number 11491,1/3/74 (Code of Ordinances, Jefferson Parish, La., Sections 12-61 through 12-70). The prosecutions are in the First Parish Court for the Parish of Jefferson. Defendants filed motions to suppress certain magazines seized by Jefferson Parish deputies on the respective occasions defendants are alleged to have violated the obscenity ordinance.
The motions to suppress were granted by the Parish Court judge, whereupon the state filed in this Court an application for writs of certiorari, prohibition and mandamus, which was granted. We now conclude the writ was improvidently granted, contrary to our policy that we will not grant writs under our supervisory jurisdiction when recourse in the lower courts of this state has not been exhausted.
As we have indicated, the state was purportedly aggrieved by a ruling or judgment of the First Parish Court granting a motion to suppress evidence. They should first have sought relief in the Twenty Fourth Judicial District Court for the Parish of Jefferson. R.S. 13:1896(B) provides in pertinent part that “review of a judgment in any other criminal case [i. e., other than prosecution under a state statute] tried in a city, parish or municipal court shall be by appeal to the district court of the parish in which the court of original jurisdiction is located, except in those cases which are appealable to the Supreme Court under the provisions of the Constitution.” Thus, the Twenty Fourth Judicial District Court is vested with appellate jurisdiction, as authorized by Article V, § 16(B) of the 1974 Louisiana Constitution.[1] And the state in this case is either entitled to a review of the First Parish Court ruling or judgment by appeal to the district court as authorized by R.S. 13:1896(B), or by application to the district court for supervisory writs[2] incident to the district court’s appellate jurisdiction.[3]
Inasmuch as the state has not sought relief of any character in the Twenty *328 Fourth Judicial District Court, we desist from considering the merit of its application and revoke the writ earlier issued as having been improvidently granted, reserving to the state the opportunity to seek relief in the appropriate appellate forum.[4]
The writs of certiorari, prohibition and mandamus heretofore granted are recalled.

. Art. V, § 16(B) of the La.Const. of 1974 provides that “A district court shall have appellate jurisdiction as provided by law.”

. Art. V, § 2 of the La.Const. of 1974 provides that:
“A judge may issue writs of habeas corpus and all needful writs, orders and process in aid of the jurisdiction of his court. . . ”

.It should be noted that in an almost identical prosecution with the same legal issue and a similar ruling by the trial judge, State v. Weedon, La., 330 So.2d 308, # 244077 First Parish Court, Parish of Jefferson, the state sought and secured relief from the Twenty Fourth Judicial District Court (Appeal # 179 on the docket of the Twenty Fourth Judicial District Court). This Court denied that defendant’s writ appli *328 cation because of the availability to the defendant of an appeal in the event of conviction. State of Louisiana v. Weedon, 330 So.2d 308 (La.1976).

. See Dardare v. Barnes, 326 So.2d 335 (La. 1976) wherein the application was denied with the following notation: “Writ denied. Proper remedy by appeal to district court. R.S. 13:1896, as amended. Likewise any application for writs in aid of its jurisdiction should be directed to the district court. La.Const. Art. V, § 2 (1974).”