HALL, Judge.
The defendant was charged by affidavit filed in the City Court of Bossier City with criminal mischief in violation of Section 8-91(7) of the Bossier City Code of Ordinances in that he did “act in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others.” Defendant filed a motion to quash the affidavit on several grounds including the unconstitutionality of the ordinance as written and as applied to this defendant.[1] The motion was overruled by the trial court and the defendant applied to this court for writs, urging that the ordinance is unconstitutionally vague and overbroad and thus violative of the due process clauses of both the United States and the Louisiana Constitutions and that as written and as applied to the defendant in this case unconstitutionally infringes on the defendant’s First Amendment rights regarding freedom of speech and expression. Writs were granted by this court to consider the correctness of the trial court’s ruling.
Upon further consideration this court has determined that the writs were improvidently granted and we recall the writs and set aside the stay order previously granted.
The exercise of this court’s supervisory jurisdiction at this interlocutory stage of the proceeding is not warranted because the defendant has an adequate remedy by appeal in the event he is convicted. The contention of unconstitutionality of the ordinance may be urged on appeal. Further, the defendant has not exhausted his remedy of review by the district court under that court’s appellate and supervisory jurisdiction.
An appeal from a city court conviction for violation of a city ordinance lies to the district court of the parish in which the court of original jurisdiction is located. LSA-R.S. 13:1896 B.[2] A district court has *641 supervisory jurisdiction in aid of its appellate jurisdiction. Art. 5, Sec. 2, Louisiana Constitution.[3] The Twenty-Sixth Judicial District Court for Bossier Parish would have jurisdiction of a writ application filed in that court directed at the overruling of the motion to quash in this case.
A court of appeal has supervisory jurisdiction over all cases arising within its circuit. Art. 5, Sec. 10(A), Louisiana Constitution.[4] Prior to its amendment in 1980, Art. 5, Sec. 10(A) provided that a court of appeal has supervisory jurisdiction over cases in which an appeal would lie to it. Under the constitutional article as amended in 1980, the supervisory jurisdiction of the courts of appeal was expanded to include not only cases in which an appeal would lie to the court of appeal, but also all other cases which arise within its geographical circuit. Therefore, the court of appeal and the district court have concurrent supervisory jurisdiction over city court cases charging violation of a municipal ordinance.
The policy of this court of appeal is, however, to ordinarily decline to exercise supervisory jurisdiction in criminal cases appealable to the district court over which the district court has supervisory jurisdiction unless and until the applicant has exhausted his remedies in the lower courts. This policy is consistent with the policy expressed by the Louisiana Supreme Court prior to the vesting of criminal appellate jurisdiction in the courts of appeal. In Dardare v. Barnes, 326 So.2d 335 (La.1976), the supreme court denied defendant’s application for writs with the following statement:
“Writ denied. Proper remedy by appeal to district court. R.S. 13:1896, as amended. Likewise, any application for writs in aid of its jurisdiction should be directed to the district court. La. Const, art. 5 Sec. 2 (1974).
“DIXON, J., is of the opinion that this court should act and issue the writ of mandamus to the justice of the peace as an act of judicial economy.”
State v. Short, 339 So.2d 326 (La.1976) involved a prosecution in a parish court for violations of the parish obscenity ordinance. The supreme court granted writs on the application of the state to examine the propriety of the trial court’s ruling suppressing certain evidence. The court concluded that the writ was improvidently granted “contrary to our policy that we will not grant writs under our supervisory jurisdiction when recourse in lower courts of this state has not been exhausted.” The court explained that the state should have sought review by appeal to the district court as authorized by LSA-R.S. 13:1896 B, or by application to the district court for supervisory writs incident to the district court’s appellate jurisdiction. Writs were recalled, reserving to the state the right to seek relief in the appropriate forum.
For the reasons assigned, the writ issued in this case is recalled, the stay order granted by this court is set aside, and the case is remanded to the City Court of Bossier City for further proceedings in accordance with law, reserving to the defendant the right and opportunity to seek relief in the appropriate appellate forum.
*642 Writ recalled, stay order set aside, and case remanded.

. After the defendant’s motion to quash was overruled and prior to the filing of the writ application in this court, the affidavit was amended to read as follows:
“On or about the 3rd day of August, A.D. 1982 within the limits of the City of Bossier City, Ward 2, Bossier Parish, Louisiana, JOHN H. JACOBS did violate the provisions of the Code of Ordinances, City of Bossier City, Louisiana, Section 8-91-7, in that he did act in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others by:
“(a) Entering the main office of Bossier Rural Electric Membership dressed in a Nazi uniform.
“(b) Dumping a bag full of coins on to the main counter of the business where customers pay their bills.
“(c) By stacking the coins on the counter at the BREMCO office.
“(d) By knocking the coins off of the counter on to the floor.
contrary to the form of the Code of Ordinances, City of Bossier City, Louisiana in such cases made and provided, and against the peace and dignity of the same.”
The ordinance provides:
“Sec. 8-91. Criminal mischief.
“It shall be unlawful for any person to commit the crime of criminal mischief. Criminal mischief is the intentional performance of any of the following acts: ...
“(7) Acting in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others; .... ”

. “Sec. 1896. Appeals in criminal cases; return day
... “B. City, parish and municipal courts. Review or appeal of a judgment in any criminal case tried under a state statute in city, *641 parish or municipal court shall be as provided in Article 912.1 of the Louisiana Code of Criminal Procedure. Review of a judgment in any other criminal case tried in a city, parish or municipal court shall be by appeal to the district court of the parish in which the court of original jurisdiction is located, except in those cases which are appealable to the Supreme Court under the provisions of the Constitution. These appeals shall be on the law alone_” (Emphasis supplied)

. Art. 5, Sec. 2, Louisiana Constitution
“Sec. 2. Habeas Corpus, Needful Writs, Orders and Process; Contempt
“Section 2. A judge may issue writs of habeas corpus and all other needful writs, orders, and process in aid of the jurisdiction of his court....”

. Art. 5, Sec. 10(A), Louisiana Constitution
“Sec. 10. (A) Jurisdiction. Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of (1) all civil matters, (2) all matters appealed from family and juvenile courts, and (3) all criminal cases triable by a jury, except as provided in Section 5, Paragraph (D)(2) of this Article. It has supervisory jurisdiction over cases which arise within its circuit_” (Emphasis supplied)