859 So.2d 151 (2003)
FOXY'S HEALTH AND RACQUET CLUB, INC.
v.
Kimberly Dawn ALLBRITTON.
No. 2003 CM 1054.
Court of Appeal of Louisiana, First Circuit.
August 15, 2003.
C. William Frazier, III, Columbia, for Movant Kimberly Dawn Allbritton.
Matthew W. Tierney, Robert D. Hoover, Baton Rouge, for Respondent Foxy's Health and Racquet Club, Inc.
Before: PARRO, KUHN, and DOWNING, JJ.
PER CURIAM.
Defendant, Kimberly Dawn Allbritton, filed a motion and order to extend the date for filing a civil writ application; for the reasons below, we grant the motion.

FACTS
Plaintiff, Foxy's Health and Racquet Club, Inc., filed suit against Kimberly Dawn Allbritton in the City Court of Baton Rouge on June 22, 2000. The matter was tried and judgment was rendered in favor of the plaintiff. After the judgment was signed on April 25, 2001, the defendant timely filed a motion and order of appeal. Pursuant to Louisiana Code of Civil Procedure article 5001, the matter was lodged with the Nineteenth Judicial District Court. The district court heard the appeal on May 30, 2002, and signed a final judgment on January 17, 2003, affirming the City Court judgment. The defendant filed an application for rehearing, which was denied.
*152 According to defense counsel, he called the Clerk of Court for the Nineteenth Judicial District Court and was told that any further appeal would go to this court and would be treated as an appeal de novo. On the day notice of judgment was provided to the defense, the defendant submitted a motion for appeal. The district court informed the defendant that the judgment was not final because no written judgment had been submitted and denied defendant's motion as premature.
The defendant further alleges that plaintiff's counsel submitted the written judgment, and the defendant again submitted the motion returnable to this court. However, to accommodate plaintiff's counsel's wishes, the motion was entitled "Motion and Order of Writ." The motion was signed on February 7, 2003, and was assigned a return date of February 14, 2003. Notice of the signing was provided to counsel for the defendant by fax on February 11, 2003; according to the defendant, notice was never provided by mail.
Defense counsel asserts that he then contacted this court, and was allegedly told to wait until the record was lodged, whereupon a docket number would be assigned and counsel's office would be notified as to when to submit a brief. According to defendant's counsel, after over two months had passed, he discovered that the record had never been lodged with this court. Defense counsel was told by a member of the district court judge's staff that this matter was being treated by its office as a writ application and that he had missed the return date. Defense counsel prepared a motion for an extended return date, which was denied by the district court.
The defendant then filed the present motion and order to extend the return date for filing a civil writ application with this court.

DISCUSSION
Louisiana Constitution Article V, Section 10(A) provides,
Jurisdiction. Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of (1) all civil matters, including direct review of administrative agency determinations in worker's compensation matters as heretofore or hereafter provided by law, (2) all matters appealed from family and juvenile courts, and (3) all criminal cases triable by a jury, except as provided in Section 5, Paragraph (D)(2) of this Article. It has supervisory jurisdiction over cases which arise within its circuit.
Section 16 of Article V of the constitution provides, in pertinent part:
(B) Appellate Jurisdiction. A district court shall have appellate jurisdiction as provided by law.
Louisiana Code of Civil Procedure article 5001 states:
A. Except as provided in Paragraph B of this Article, an appeal from a judgment rendered by a parish court or by a city court shall be taken to the court of appeal.
B. Appeal from a judgment rendered by a city court located in the Nineteenth Judicial District shall be taken to the district court of the parish in which the court of original jurisdiction is located.[1]
C. Appeal shall be on the record and shall be taken in the same manner as an *153 appeal from the district court. (Emphasis added).
While this court has no jurisdiction to hear this matter as an appeal because it is an appeal from the City Court of Baton Rouge, this court does have supervisory jurisdiction over cases that arise within its circuit. LSA-Const. art. V, § 10(A); see City of Bossier City v. Jacobs, 438 So.2d 639, 641 (La.App. 2nd Cir.1983). Accordingly, we exercise such jurisdiction in this matter.[2]
Rule 4-3 of the Uniform Rules of the Courts of Appeal provides that:
Upon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period. An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault.
Because the defendant has shown that the delay in filing was not due to her fault, this court will extend the return date, hereby giving Ms. Allbritton until September 15, 2003, to file her writ application with this court. The applicant must fully comply with Rule 4, Uniform Rules of Louisiana Courts of Appeal. A copy of this action must be included in any writ application.
MOTION TO EXTEND RETURN DATE GRANTED.
NOTES
[1] In her memorandum in support of the motion, the defendant mentioned that Louisiana Code of Civil Procedure article 5001(B) may be unconstitutional. Of course, a court with appellate jurisdiction could not review this issue unless it had first been presented to the trial court. See Vallo v. Gayle Oil Co., Inc., 94-1238 (La.11/30/94), 646 So.2d 859, 864-65.
[2] We emphasize, however, that because this court has no appellate jurisdiction over this case, the exercise of our supervisory jurisdiction will not be the "appeal de novo" the defendant might be anticipating. Further substantive review of the city court's judgment, as affirmed by the district court, could only be obtained if the Louisiana Supreme Court granted a timely-filed application for a writ of certiorari. See LSA-Const. art. V, Section 5.