657 So.2d 652 (1995)
The BOEING COMPANY and Boeing Louisiana, Inc.
v.
LOUISIANA DEPARTMENT OF ECONOMIC DEVELOPMENT and State Board of Commerce and Industry.
No. 94 CA 0971.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
*653 C. Eston Singletary, Robert E. Landry, Lake Charles, for appellees, The Boeing Co. and Boeing Louisiana, Inc.
Susan L. Dunham, Daryl K. Manning, Baton Rouge, for appellants, La. Dept. of Economic Development and State Bd. of Commerce and Industry.
Before GONZALES, PARRO, JJ., and REDMANN[1], J. Pro Tem.
GONZALES, Judge.
This is an appeal by the Louisiana Department of Economic Development and the State Board of Commerce and Industry (hereafter referred to as "the Board") of the district court's denial of their Motion for Summary Judgment and the court's judgment vacating the Board's denial of the application by plaintiffs, The Boeing Company and Boeing Louisiana, Inc. (collectively referred to as "Boeing"), for a tax exemption under the state's Industrial Ad Valorem Tax Exemption Program and remanding the matter to the Board for reconsideration.

FACTS AND PROCEDURAL HISTORY
In 1990, Boeing operated a manufacturing facility in Lake Charles, Louisiana. Boeing sought to participate in the state's Industrial Ad Valorem Tax Exemption Program by filing an application with the Board for exemption from 1991 ad valorem taxes on equipment, machinery, and building materials purchased for the Lake Charles facility.
The application was submitted either on March 31, 1991 or on April 1, 1991.[2] As late as May 6, 1992, the Board, by letter, requested additional information from Boeing so that the application could be processed.
According to plaintiffs' petition, a government contract which would have supported the facility was lost, thus requiring closure of *654 the facility. The decision to close the facility was publicly announced in January, 1991. Boeing then removed and relocated the items on which the application for tax exemption was based. The removal was completed in September, 1991.
Boeing was thereafter notified that their application would be considered by the Board's screening committee on December 2, 1992 and by the Board on December 16, 1992. Boeing was represented at the Board meeting. The Board voted to deny Boeing's application for tax exemption. One reason articulated for the denial was the unavailability of the equipment, machinery and materials for inspection as required by Rule 14 of "Rules of the Board of Commerce and Industry Governing Tax Exemption" which reads as follows:

RULE 14. Affidavit of Final Cost
Within six (6) months after construction has been completed, the owner of a manufacturing establishment shall file on the prescribed form an Affidavit of Final Cost showing complete cost of the exempted project. A fee of one hundred dollars ($100.00) shall be filed with the Affidavit of Final Cost for an on site inspection that will be conducted by a representative of the Office of Commerce and Industry. Upon request by the Office of Commerce and Industry, a map showing the location of all facilities exempted in the project will be submitted in order that the exempted property may be clearly identifiable. (Emphasis added).
Discussion by the Board focused on Boeing's decision to close the Lake Charles facility and move equipment to sites located in other states which may have offered Boeing inducements for locating in these other states. The Board, by letter, informed Boeing of its decision to deny the application for tax exemption. This lawsuit ensued.
The initial petition of Boeing was styled "Petition for Judicial Review of Agency Adjudication" and cited La.R.S. 49:964 as authority for their action. A review and reversal of the Board's denial of Boeing's application was requested alleging Boeing's rights were prejudiced by the erroneous interpretation of Rule 14 and that the decision was "arbitrary, capricious, and characterized by a clearly unwarranted exercise of the Board's discretion, and is manifestly erroneous in light of the record."
The Board answered, stating that judicial review pursuant to La.R.S. 49:964[3] was not *655 available as the denial of Boeing's application was not a "decision" or "order" which would trigger judicial review under the Administrative Procedure Act ("APA"). Boeing then amended their petition deleting the reference to La.R.S. 49:964.
The amended petition filed by Boeing alleged that the Board erred in interpreting Rule 14 to require a physical inspection before granting a tax exemption.[4] Boeing alleged that, because the denial of the application was based upon an erroneous application of Rule 14, the denial was unreasonable, arbitrary, capricious or an abuse of discretion. Boeing requested permission to adduce evidence at a hearing which would show their compliance with the requirements of the state's tax exemption program and prove that the Board's denial was unreasonable and should be reversed.
The Board filed a motion for summary judgment. At the hearing on the motion, the district court denied the Board's motion, vacated the Board's decision and remanded the case for reconsideration, "with instructions that the petitioners be afforded the opportunity to present evidence, that the subject equipment, machinery, and building materials were made an integral part of the petitioners' manufacturing operation, were lodged at the petitioners' manufacturing facility in Lake Charles, Louisiana, and had not previously been subject to ad valorem taxes."
The Board is appealing this judgment and makes the following assignments of error:
1. The trial court erred in denying the Motion for Summary Judgment of the Board of Commerce and Industry.
2. The trial court erred in remanding this proceeding to the Board of Commerce and Industry.
3. The trial court erred in overruling the interpretation by the Board of Commerce and Industry of its own rules governing the Industrial Tax Exemption Program.
4. The trial court erred in substituting its judgment for that of a discretionary function of the Board of Commerce and Industry.
5. The trial court erred in granting a summary judgment in favor of the Appellees, a non-moving party.

POWERS AND FUNCTIONS OF THE BOARD
Article VII, Section 21(F) of the Louisiana Constitution of 1974, in pertinent part, delegates the power to administer an Industrial Tax Exemption Program to the State Board of Commerce and Industry as follows:
[T]he State Board of Commerce and Industry or its successor, with the approval of the governor, may enter into contracts for the exemption from ad valorem taxes of a new manufacturing establishment or an addition to an existing manufacturing establishment, on such terms and conditions *656 as the board, with the approval of the governor, deems in the best interest of the state.
The Board functions as an advisory body to the Department of Economic Development ("Department") while exercising the powers granted to it by the constitution. La.R.S. 51:923(A). The Department and the Board are to promote the policy of the state as declared in La.R.S. 51:921 as follows:
It is the policy of the State of Louisiana, in furtherance of its responsibility to protect the health, public safety, welfare and future prosperity of the citizens of the state, to fully develop the human, economic and natural resources of the state.

JURISDICTION
Article V, Section 16 of the Louisiana Constitution, provided at the time this action arose, as follows:
§ 16. District Courts; Jurisdiction
Section 16. (A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (2) It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property; the right to office or other public position; civil or political right; probate and succession matters; except for administrative agency determinations provided for in (1) above, the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or partnerships.
(B) Appellate Jurisdiction. A district court shall have appellate jurisdiction as provided by law.
This case presents the question of the district court's jurisdiction. District courts have either original jurisdiction or appellate jurisdiction. We will first address the district court's appellate jurisdiction. An analysis will then be made to determine whether this is a "civil matter" over which the district court has original jurisdiction. See Matter of American Waste & Pollution Control Co., 588 So.2d 367 (La.1991).

APPELLATE JURISDICTION OF DISTRICT COURT
Judicial review of a quasi-judicial administrative agency action is said to be appellate review. Matter of American Waste, 588 So.2d at 370. District courts have appellate authority only when provided by law. La. Const. art. V, § 16(B); Matter of American Waste, 588 So.2d at 371.
The Board has adopted rules to implement and govern its administration of the Industrial Ad Valorem Tax Exemption Program. According to these rules, an application for tax exemption is submitted to the Board for consideration at one of the Board's regularly scheduled meetings. If an application is approved by the Board, a contract for tax exemption is completed and sent to the governor for his approval. No statute provides for an appeal to the district court of the actions or determinations of the Board, and we agree with the parties that the APA does not do so either.[5]
Judicial review under the APA is granted only after an "adjudication". The Supreme Court, in Delta Bank & Trust Company v. Lassiter, 383 So.2d 330, 333 (La. 1980), stated with regard to the definition of "adjudication" as used in the APA:
[A]n adjudication for purposes of the act means an agency proceeding that results in a disposition that is required to be made (by constitution or statute) after notice is given and a hearing is held. Unless some statute or the constitution require a hearing and notice, an agency action is not an adjudication for purposes of the act. (Emphasis added.)
There is no statutory or constitutional requirement mandating that the Board's determination be made after hearing with notice. Thus, judicial review under La.R.S. 49:964 is clearly not available. In fact, a review of the record in this case demonstrates that it is *657 composed of nothing more than the minutes of a typical meeting of a state agency. The paper work (applications for exemptions and various correspondence) was handled by the Department's staff. Several members expressed their views on the application. An attorney for Boeing spoke on its behalf and urged approval. No evidence was presented. There were little, if any, factual disputes. There were, however, differing views expressed on the interpretation of Rule 14. The Board made a decision denying the requested exemption without articulating reasons. Presumably, it simply decided that under the circumstances of this application, it was not in the best interest of the state to grant Boeing an exemption for the tax year in question.
Since there is no statutory or constitutional provision which vests appellate jurisdiction over the actions of the Board in the district courts, the district court is without appellate jurisdiction in the present matter.

ORIGINAL JURISDICTION OF DISTRICT COURT
The parties to this litigation apparently believed they were before the district court under the court's original jurisdiction. For their jurisdictional basis, Boeing relies on Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). The court in Bowen stated that judicial review, when not authorized by statute, is presumed to exist, for such review is required for the validity of administrative proceedings under our legal system and traditions. Bowen, 253 So.2d at 203. Such review was found to be an exercise of the court's original jurisdiction.[6]Bowen, 253 So.2d at 205; Delta Bank & Trust Co., 383 So.2d at 335; Loop, Inc. v. Collector of Revenue, 523 So.2d 201 (La.1987); Henning v. Carrier, 430 So.2d 1310 (La.App. 1st Cir.), writ denied, 435 So.2d 429 (La.1983).
Bowen has been cited for the principle that all legitimate administrative agency action must be subject to the availability of judicial review. This interpretation is far too broad. It is simply not correct to say that everything an agency does must be subject to the availability of judicial review for its validity.
The right to judicial scrutiny exists when there is a claim of deprivation of a constitutionally protected right or the assertion that agency action exceeds constitutional authority. The right to judicial scrutiny also exists to determine if actions of administrative agencies are in excess of their legislative grant of authority. In Re Investigation of Lauricella, 546 So.2d 207 (La.App. 1st Cir.), writ denied, 548 So.2d 330 (La.1989); Spears v. Department of Corrections, 402 So.2d 203 (La.App. 1st Cir.1981); 73A C.J.S. Public Administrative Law & Procedure § 241 (1983).
In matters involving constitutional questions or excess of authority claims, a court is not reviewing the merits vel non of an adjudication or quasi-adjudication. The court would be exercising its original jurisdiction over civil matters.
Boeing does not claim that the Board exceeded its authority. On the contrary, Boeing seeks to have the Board act upon its authority by having the court order the Board and governor to enter into a contract exempting Boeing from certain ad valorem taxes. Neither has Boeing articulated a claim of deprivation of any constitutional right.
Additionally, the Bowen court's classification of judicial review of administrative determinations, as an exercise of a court's original jurisdiction, has been undermined by the Louisiana Supreme Court in Matter of American Waste. In that case, the court held that judicial review of an administrative agency determination was an exercise of a court's appellate jurisdiction.[7] Therefore, in matters *658 as are presently before this court, wherein the district court lacks appellate jurisdiction, the question remainsdoes the district court have original jurisdiction? The court in Matter of American Waste answered this question by a determination of whether the matter before the court was a "civil matter" as required under La. Const. art. V, § 16(A).
The Supreme Court has previously addressed the meaning of "civil matters" in Moore v. Roemer, 567 So.2d 75 (La.1990), as well as in Matter of American Waste. In both cases, the court used an historical analysis to make its determination. If the subject matter of the suit was one which was traditionally brought before the court, it would be considered a civil matter over which district courts have original jurisdiction (e.g. claim of unconstitutional government action). If it was not, district courts lack original jurisdiction.
Moore presented the issue of the constitutionality of Act 938 of 1988 which vested in administrative hearing officers the "exclusive original jurisdiction to adjudicate worker's compensation claims." The court found that, because worker's compensation claims were traditionally brought before the district court, such claims were "civil matters." As civil matters, the legislature could not divest the district court of its constitutional grant of original jurisdiction over all civil matters and the act was declared unconstitutional. See La. Const. art. V, § 16.
Matter of American Waste involved the constitutionality of La.R.S. 30:2024 which vested direct appellate review in the First Circuit Court of Appeal of the Department of Environmental Quality's final decisions or orders in waste disposal or water discharge permitting matters. The court found that regulation and control of waste disposal and water pollution had traditionally been a function of the executive branch of government. Furthermore, a cause of action regarding the issuance of permits had been unknown in the district court under their original jurisdiction. *659 The court found that environmental permitting actions were not civil matters and as such were not within the scope of the district court's original jurisdiction granted by La. Const. art. V, § 16(A). Matter of American Waste, 588 So.2d at 373.
In the case before this court, the Board is constitutionally empowered to enter into contracts for ad valorem tax exemptions.[8] This grant of authority is broad. No claim of unconstitutional action is made herein. The Board may, with the approval of the governor, enter into contracts for exemptions "on such terms and conditions as the [B]oard, with the approval of the governor, deems in the best interest of the state." La. Const. art. VII, § 21(F). Thus, the decision-making regarding tax exemptions is clearly given by the Constitution to the Board subject to the governor's approval, and this constitutional provision affords the Board great latitude in making these decisions.
Furthermore, the record in this case shows that in excess of 10,000 of these exemptions have been granted since 1937.[9] With the exception of only two cases prior to the adoption of the 1974 Constitution[10], no cases have been reported regarding a dispute of the Board's action in granting or denying a tax exemption. In contrast, the court in Moore noted the long history and thousands of cases for claims for worker's compensation that had been filed in the district courts.
In consideration of the foregoing and applying the same principles as that used in Moore and Matter of American Waste, we find that the regulation and control of ad valorem tax exemptions, at issue here, which are constitutionally delegated to the Board and the governor, are traditionally and historically matters handled by the executive branch and are not "civil matters" within the meaning of La. Const. art. V, § 16(A).

CONCLUSION
Subject matter jurisdiction cannot be waived by the parties and the lack thereof can be recognized by the court at any time, with or without formal exception. La.C.C.P. arts. 3 and 925; Kerr v. Kerr, 14 La. 177 (1839); In re Perez, 194 La. 763, 194 So. 774 (1940); Brinkhaus v. The Senate of the State of Louisiana, 655 So.2d 394 (La.App. 1st Cir.1995); Barry v. Barry, 606 So.2d 1391 (La.App. 2d Cir.1992). A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La.C.C.P. art. 3.
Irrespective of the parties' classification, the subject matter of this suit is the Board's denial of Boeing's application for a tax exemption. As the subject matter of the instant suit is not a civil matter, the district court lacks original jurisdiction. Because we have also determined that the district court is without appellate jurisdiction, we conclude ex proprio motu that the district court lacked subject matter jurisdiction. La.C.C.P. art. 2.
In finding that the district court lacked subject matter jurisdiction, it is not necessary for this court to specifically address the assignments of error.

DECREE
For the above and foregoing reasons, the judgment of the trial court is REVERSED and the petition is dismissed. Costs in the sum of $387.68 are to be divided equally.
REVERSED AND RENDERED.
NOTES
[1] Judge William V. Redmann, retired, is serving as judge pro tempore, by special appointment of the Louisiana Supreme Court.
[2] The parties dispute the date when the application was submitted and/or received, but the date is not germane to the resolution of this matter on appeal.
[3] Louisiana Revised Statute 49:964 is a provision of the Administrative Procedure Act, La.R.S. 49:950-971. Louisiana Revised Statute 49:964 reads as follows:

A. A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record.
C. The filing of the petition does not itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay upon appropriate terms.
D. Within thirty days after the service of the petition, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. By stipulation of all parties to the review proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require or permit subsequent corrections or additions to the record.
E. If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
F. The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
[4] Assuming the Board is subject to the Administrative Procedure Act, La.R.S. 49:962 and 963 establish a procedure for declaratory orders and rulings and a judicial review thereof. Such rulings are purely declaratory in nature and do not order any action. That procedure has not been invoked by Boeing in this case and the remedy they seek, namely ordering the Board to grant a tax exemption, clearly is one calling for action as in an ordinary case rather than that of a declaratory-type action.
[5] Inferentially, the parties agreed that the action in district court is not an appeal.
[6] This basis for jurisdiction by the district court was not questioned by the Board (or the court) in the proceeding below.
[7] The viability of the Bowen rationale is subject to serious doubt in light of its discussion by the Supreme Court in Matter of American Waste as follows:

It is true, of course, that Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971), held that district courts exercise original jurisdiction when they review determinations of administrative agencies. Just as in the 1974 Louisiana Constitution, the district courts were vested with original jurisdiction in civil matters in the La. Const. of 1921, art. VII, § 35. At the time Bowen was decided, however, there was no provision in the 1921 Louisiana Constitution (unlike the 1974 Louisiana Constitution), authorizing the district courts to exercise appellate jurisdiction, except in reviewing decisions of several specific courts of limited jurisdiction and justice of the peace courts. Confronted with those provisions in the 1921 Louisiana Constitution, and recognizing, in the absence of any constitutional mandate to the contrary, that the district courts should be permitted to review administrative agency determinations, the Bowen court chose to construe what was actually appellate review of agency determinations as "original jurisdiction."
The 1921 constitutional article which established district court appellate jurisdiction in certain specific instances did not provide for district court appellate review of agency determinations. This absence (which is no longer the case) prompted the Bowen Court's determination that review of agency decisions is original jurisdiction. The redactors of the 1974 Louisiana Constitution made specific provision in Article V, § 16(B) for district court appellate jurisdiction to be "as provided by law." According to floor discussion at the 1973 Constitutional Convention, the meaning of Article V, § 16(B) was "that the legislature can set that appellate jurisdiction as it sees fit." There was even discussion regarding whether the language in Article V, § 16(B) was sufficiently explicit in expressing the delegates' intention to give the Legislature this discretionary right to vest appellate jurisdiction in the respective courts. The delegates concluded that the provision as written was sufficiently clear in expressing that intent.
In the present case, review of DEQ's permitting decisions clearly represents an exercise of appellate review of quasi-judicial determinations. Bowen is therefore distinguishable from, if not at variance with, our present view that judicial review of quasi-judicial administrative agency determinations constitutes appellate review. There is today constitutional authority for the Legislature to vest judicial review of administrative agency decisions in either the district courts or the courts of appeal. Matter of American Waste, 588 So.2d at 370. (Footnotes omitted.)
The foregoing quotation seemingly stands for the proposition that the Bowen court was in error when it said that the court's review of the action therein was a matter of original jurisdiction. This error is made even clearer by reference to the dissent of Justice Pike Hall wherein he says:
Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971) correctly held that a court's review of an administrative determination is not an appeal; it is an original judicial action. Judicial review of administrative determinations should not be confused with judicial appeals. When district courts review the determinations, rulings and adjudications of administrative bodies, they exercise their original jurisdiction. Matter of American Waste, 588 So.2d at 375.
The very broad sweep of Bowen has been painted over by the equally broad brush of Matter of American Waste.
[8] The Board consists of nineteen members, including the governor, his appointed secretary of the Department, the lieutenant governor, and sixteen other appointees of the governor. La. R.S. 51:923(B) and (C). The Board is simply an extension of the governor.
[9] There is no information in the record as to how many have been rejected.
[10] Mattingly v. Vial, 193 La. 1, 190 So. 313 (1939); State ex rel. Kohler's Snowite Laundry & Cleaners v. State Board of Commerce and Industry, 205 La. 622, 17 So.2d 899 (1944).