734 So.2d 772 (1999)
In the Matter of SHINTECH and its Affiliates.
No. 98 CW 2024.
Court of Appeal of Louisiana, First Circuit.
March 31, 1999.
Writ Denied June 25, 1999.
*773 Jackie M. Marve, Mazie M. Doomes, Baton Rouge, Louisiana, for relators, Louisiana Department of Environmental Quality.
Elizabeth E. Teel, Robert R. Kuehn, New Orleans, Louisiana, for respondents, St. James Citizens for Jobs and the Environmental, Louisiana Environmental Action Network, and Southern Action Network, and Southern Christian Leadership Conference.
Robert E. Holden, New Orleans, for Shintech and its Affiliates.
BEFORE: CARTER, C.J., SHORTESS AND WHIPPLE, JJ.
PER CURIAM.
The Department of Environmental Quality (hereinafter referred to as DEQ) seeks review of the district court decision ordering DEQ to hold a hearing on a motion to recuse the Secretary, Deputy Secretary, and Assistant Secretary of DEQ, which was filed by St. James Citizens for Jobs and the Environment, Louisiana Environmental Action Network, and Southern Christian Leadership (hereinafter collectively referred to as the Citizens Group). Finding the district court should have declined to exercise its supervisory jurisdiction, we grant this writ and vacate the district court's judgment.

FACTS
Shintech and its affiliates sought draft air permits for a proposed polyvinyl chloride production facility in St. James Parish. The Citizens Group filed a motion to recuse the Secretary of DEQ, the Deputy Secretary of DEQ and the Assistant Secretary *774 of the Office of Air Quality in connection with the permit process. The Secretary and Deputy Secretary of DEQ denied the motion, noting the power to issue air permits had been delegated to the Assistant Secretary of the Office of Air Quality. The Assistant Secretary of the Office of Air Quality also denied the motion to recuse.
The Citizens Group then filed an application for supervisory writs in the Nineteenth Judicial District Court, which the district court granted. The district court concluded it has exclusive jurisdiction to hear appeals of final permit actions, enforcement actions, and declaratory rulings under the authority of La.R.S. 30:2050.21. Noting the legislature made no express provision for the exercise of supervisory jurisdiction when granting appellate jurisdiction to the district court, the trial court concluded it had supervisory jurisdiction under La.Code Civ.P. art. 2201. The district court remanded the matter to DEQ to conduct an evidentiary hearing on whether recusal was appropriate. DEQ filed motions for reconsideration and a stay, which were denied. This writ application followed.

DISCUSSION
Article V, § 16(B) vests the district court with appellate jurisdiction as provided by law. La.R.S. 30:2050.21(A) provides that "[a]n aggrieved person may appeal devolutively a final permit action, a final enforcement action, or a declaratory ruling only to the Nineteenth Judicial District Court." La.Code Civ.P. art 2201 provides that "[s]upervisory writs may be applied for and granted in accordance with the constitution and rules of the supreme court and other courts exercising appellate jurisdiction." La. Const. Art. V, § 2, provides that "[a] judge may issue writs of habeas corpus and all needful writs, orders and process in aid of the jurisdiction of his court ..." Therefore, the district court has subject matter jurisdiction to entertain an application for supervisory writs incident to the district court's appellate jurisdiction. See State v. Short, 339 So.2d 326 (La.1976). However, it was imprudent for the district court to exercise its supervisory jurisdiction at this juncture of the permit approval process.
Although the Citizens Group had the right to raise the issue of impartiality or bias as part of the public comments provided for in La.R.S. 30:2016, there is no statutory entitlement to judicial review at this stage of the permit approval process. Not everything an agency does must be subject to the immediate availability of judicial review in order to insure the agency's action is valid. Boeing Co. v. Louisiana Dept. of Economic Development, 94-0971 (La.App. 1st Cir.6/23/95); 657 So.2d 652, 657. The right to judicial scrutiny exists when there is a claim of deprivation of a constitutionally protected right or the assertion that agency action exceeds constitutional authority. The right to judicial scrutiny also exists to determine if actions of administrative agencies are in excess of their legislative grant of authority. Boeing, supra. Herein, no permit has been issued. There is, as of yet, no deprivation of a constitutionally protected right. Nor does there exist at this time any other basis for the exercise of the district court's supervisory jurisdiction. For these reasons, the judgment of the district court is vacated.
WRIT GRANTED. JUDGMENT VACATED.
SHORTESS, J., concurs with reasons.
SHORTESS, J., concurring in the result only.
Although I disagree that the district court has supervisory jurisdiction to entertain the Citizens Group's application for supervisory writs as incidental to the statutory grant of appellate jurisdiction, I agree with the result reached in the majority opinion.
*775 This court has already determined that environmental permitting actions are not civil matters; therefore, the district court lacks original jurisdiction. La. Const. Art. V, § 16(A); See In the Matter of American Waste & Pollution Control Co., 588 So.2d 367, 373 (La.1991). Furthermore, this court has held that the recusal of an administrative officer is not a final judgment; and, therefore, it is not appealable. In the Matter of American Waste and Pollution Control Co., 581 So.2d 738, 740 (La.App. 1st Cir.1991). In Loop, Inc. v. Collector of Revenue, 523 So.2d 201, 203 (La.1987), (On Rehearing), the Louisiana Supreme Court noted that for the purpose of judicial review of an administrative action, district courts are courts of limited jurisdiction, having only such appellate jurisdiction as is constitutionally required or as is provided by law. Therefore, the district court must have a constitutional or statutory basis for exercising supervisory jurisdiction in this matter.
La. Const. art. V, § 16(B) provides for the appellate jurisdiction of a district court. Specifically: "A district court shall have appellate jurisdiction as provided by law." In contrast, La. Const. Art. V, § 10(A) provides for the appellate jurisdiction of courts of appeal and, in addition, specifies that a court of appeal has "supervisory jurisdiction over cases which arise within its circuit." Constitutional provisions are to be construed and interpreted by the same rules as are other laws. See Aguillard v. Treen, 440 So.2d 704 (La. 1983). Laws in pari materia, or upon the same subject matter, must be construed in reference to each other. La.Civ .Code art. 13. The legislature is presumed to have enacted a statute with deliberation and with full knowledge of all existing constitutional provisions and laws on the same subject. If it is possible to do so, every part of a statute must be given effect, for the legislature is not presumed to insert superfluous, useless and meaningless words, sentences, phrases, or clauses in its enactments. Colwell v. State, Through Office of Atty. Gen. of Louisiana, Dept. of Justice, 506 So.2d 941, 944 (La.App. 1st Cir.), writ denied, 508 So.2d 89 (La.1987). Utilizing the general rules of statutory interpretation, one must conclude supervisory jurisdiction does not automatically flow from the grant of appellate jurisdiction. To conclude otherwise would, in effect, make the last line of La. Const.Art. V, § 10(A) superfluous.
Finding no constitutional basis for the exercise of supervisory jurisdiction by the district court in this case, one looks to the revised statutes. La.R.S. 30:2050.21(A) provides in pertinent part that "[a]n aggrieved person may appeal devolutively a final permit action, a final enforcement action, or a declaratory ruling only to the Nineteenth Judicial District Court." There is no provision therein for review of interlocutory matters.[1] La.R.S. 30:2050.18 provides, upon the request of a party,[2] a hearing officer[3] may certify an interlocutory order or ruling for direct review by the Nineteenth Judicial District Court. *776 Certification is subject to two conditions: (1) the issue must involve an important procedural or evidentiary matter on which a substantial difference of opinion exists; and (2) immediate judicial review will materially advance the conclusion of the proceeding or judicial review after the final order or decision would be inadequate. However, La.R.S. 30:2050.18 is limited to adjudications.[4]
An adjudication, as defined under the DEQ rules contained within LAC 33:1.303, is "the agency process for the formulation of a final decision or order when a request for an adjudicatory hearing has been granted or an adjudicatory hearing has otherwise been scheduled by the administrative authority." Adjudication is also defined by statute as the "formal or informal proceedings for the formulation of a decision or order." La.R.S. 30:2004(16). No adjudication occurs in the permit approval process until after a permit has been issued and either the applicant or an aggrieved party requests an administrative adjudicatory hearing pursuant to La.R.S. 30:2024. Herein, no permit has been issued. Therefore, there is no statutory provision for judicial review of the denial of the Citizens Group's motion to recuse, made prior to the commencement of an adjudicatory hearing before a hearing officer.
Parties cannot waive subject matter jurisdiction, and the lack thereof can be recognized by a court at any time, with or without formal exception. La.Code Civ.P. arts. 3 and 925; Boeing Co. v. Louisiana Dept. of Economic Development, 94-0971 (La.App. 1st Cir.6/23/95); 657 So.2d 652, 659. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La.Code Civ.P. art. 3. Finding no constitutional or statutory basis for the exercise of supervisory jurisdiction by the district court in this matter at this time, it is my opinion that the district court lacks subject matter jurisdiction.
NOTES
[1] Contrast La.R.S. 49:964(A) of the Louisiana Administrative Procedure Act which provides:

Except as provided in 15:1171 through 15:1177, a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is Immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
(emphasis supplied)
La.R.S. 30:2050.21(F) specifies that the provisions of the Louisiana Administrative Procedure Act contained within La.R.S. 49:964(C), (F), and (G), including the standard of review, shall apply to the appeals provided for in La.R.S. 30:2050.21. The legislature did not adopt La.R.S. 49:964(A).
[2] An aggrieved person has the restricted right to intervene as a party in an adjudicatory hearing. La.R.S. 30:2050.11(B).
[3] Hearing officers are employed to perform duties relative to adjudications. See La.R.S. 30:2050.13 - 2050.18.
[4] La.R.S. 30:2050.18 is contained within the statutory provisions for enforcement procedure and judicial review, Chapter 2-A, La. R.S. 30:2050.1-2050.31. Any appeal from a final decision of the secretary shall be in accordance with the provisions of Chapter 2-A. La.R.S. 30:2024(B).