Chief Judge Savoie:
This office is in receipt of your request for an opinion from the Attorney General concerning whether the Fourteenth Judicial District Court (the "14th JDC") can take all civil and criminal cases currently assigned to a particular division and re-allot them to the other divisions and whether the 14th JDC can stop allotting civil and criminal cases to a particular division which has recently been designated to handle juvenile and domestic matters. The Attorney General's response to your request is as follows.
Because your request questions the designation and assignment of cases to divisions of the 14th JDC, we must first acknowledge the authority provided by LA.REV.STAT. § 13:357. LA.REV.STAT. § 13:357 states:
 A. The judges of the Fourteenth Judicial District Court may, by rule adopted by a majority vote of the judges sitting en banc, designate and assign to one or more divisions of the court any and all types of juvenile matters of which the court has jurisdiction and any or all types of domestic relations matters of which the court has jurisdiction.
 B. The authority conferred by this Section shall not prohibit the assignment by a majority vote of the court en banc of other matters to a designated division to which it assigns juvenile or domestic relations matters, nor the assignment of any juvenile or domestic relation matters to any other division of the court.[1] *Page 2 
Accordingly, the judges of the 14th JDC may designate and assign to one or more of the 14th JDC's divisions any and all types of juvenile and domestic matters over which the 14th
JDC has jurisdiction. But they can only do so after passing a rule to that effect which is adopted by a majority vote of the judges sitting en banc.
The authority to do so shall not prohibit the assignment of other matters to a designated division to which the 14th JDC assigns juvenile or domestic matters or the assignment of any juvenile or domestic matter to any other division so long as it is done by a majority vote of the 14th
JDC judges sitting en banc.
1. WHETHER THE 14th JDC CAN TAKE ALLCIVIL AND CRIMINAL CASES PRESENTLY ASSIGNED TO A PARTICULARDIVISION AND RE-ALLOT THEM TO THE COURT'S REMAINING DIVISIONS.
By way of background (gleaned from the recently-adopted "Amendment to the Rules of Court", a copy of which you attached to your request for our reference), this office was able to ascertain that the 14th JDC is comprised of nine (9) divisions, "A" through "I", each of which was established by legislative act with corresponding electoral subdivisions. Two (2) of the aforementioned nine (9) divisions, "C" and "I", are already assigned to handle domestic and juvenile matters, presumably pursuant to LA.REV.STAT. § 13:357. That left the remaining seven (7) divisions, "A", "B", "D", "E", "F", "G", and "H", to handle all other civil and criminal matters.
But effective April 1, 2008, under the Court's recently-adoptedAmendment to the Rules of Court, Division H was designated to include juvenile and domestic matters — it became part of the 14th JDC's Family and Juvenile Court. To that end, one-third of all new juvenile and domestic matters are now assigned to Division H. This assignment of one-third of all new juvenile and domestic matters is in addition to an allotment of one-seventh of any new civil and criminal matters being allotted to Division H. Effective June 1, 2008, Division H will participate in "Motion Week and Juvenile Work" every third week in the 14th JDC's Family and Juvenile Court with assistance from "Crim 3 Judge" should a conflict arise. Division H will continue to work on all cases allotted to it until December 31, 2008.
However, effective January 1, 2009, again according to the Court's recently-adopted Amendment to the Rules of Court, all remaining civil and criminal cases allotted to Division H will be re-allotted to Divisions A, B, D, E, F, and G. Division H will simultaneously be assigned exclusively to the 14th
JDC's Family and Juvenile Court. If and when a new judgeship is approved, Division H will declare its intent to either return to a civil and criminal docket or remain within the exclusive confines of the Family and Juvenile Court.
Based upon the aforementioned, you inquire as to whether it is permissible for the 14th JDC to, in fact, take all of the civil and criminal cases assigned to Division H on *Page 3 
December 31, 2008, and re-allot them to Divisions A, B, D, E, F, and G. The issue of re-allotment is not clearly delineated by LA.REV.STAT. § 13:357.
After analyzing the situation in its totality, it is the opinion of this office that the 14th JDC has authority to take all of the civil and criminal cases assigned to its Division H on December 31, 2008, and re-allot them to the court's remaining divisions (i.e., on December 31, 2008, the 14th
JDC can re-allot all civil and criminal cases pending before Division H to Divisions "A", "B", "D", "E", "F", and "G"). Our office reaches that opinion in light of the relevant language contained in the Court of Appeal, Third Circuit's recent decision inCarter v. Jones, et al.[2] In Carter v.Jones, et al., Judge Saunders opined:
 In holding that an annulment action may be brought before any division of the district court, the Piper court distinguished, for purposes of statutory interpretation, the relationship between the terms "court" and "division": "The clear implication from the applicable provisions currently in force is that each judicial district constitutes a single court, and the creation [of] different divisions does not operate to sever a single district court into multiple courts." Piper, 288 So.2d at 629 (citing Block v. Marks, 16 So. 649 (1895)). Thus, Piper stands for the proposition that the statutory term "court" does not reach each of the individual divisions that make up a district court, but rather embraces the district court as a whole. See also Block, 16 So. at 650 ("The civil district court, composed of five divisions, is still one court.")[3]
To that end, our office is of the opinion that it is the district court and not each of its divisions which is vested with original jurisdiction to adjudicate the cases before it. When a suit is filed, it is filed with the court, not a particular division. Consequently, a division of the court does not have any particularized, manifest right to see each and every type of case before it through to fruition. The court does. If the court, pursuant to a vote authorized by LA.REV.STAT. § 13:357, deems it necessary to re-allot civil and criminal cases originally allotted randomly to a particular division in furtherance of court's designation of that division to the Family and Juvenile Court, this office is unaware of any prohibition against such a re-allotment. It appears as though re-allotting Division H's civil and criminal cases at the end of 2008 would be consistent with the 14th JDC's efforts to smoothly and efficiently assign Division H solely to the Family and Juvenile Court. Consequently, our office is of the opinion that the 14th JDC can take all civil and criminal cases presently assigned to a particular division and re-allot them to the court's remaining divisions.
We would caution that when re-allotting the cases to different divisions, the manner in which you do should be consistent with the requirements of random allotment *Page 4 
enumerated in LA. CODE CIV. PROC. 253.1 and State v.Simpson, 551 So.2d 1303 (La. 1989).
2. WHETHER THE 14th JDC CAN STOPALLOTING CIVIL AND CRIMINAL CASES TO A PARTICULAR DIVISION WHICH HASBEEN DESIGNATED TO HANDLE JUVENILE AND DOMESTIC MATTERS.
It is also the opinion of this office that the 14th
JDC can stop allotting civil and criminal cases to a particular division which has been designated to handle juvenile and domestic matters. LA.REV.STAT. § 13:357(A) provides the judges in the 14th JDC may, by rule adopted by a majority vote of the judges sitting en banc, designate and assign to one or more of its divisions any and all types of juvenile and domestic matters over which the court has jurisdiction. LA.REV.STAT. § 13:357(B) then explains the authority provided by LA.REV.STAT. § 13:357(A) does not prohibit the 14th JDC from assigning other matters to a division to which the court assigns juvenile or domestic matters or prohibit it from assigning any juvenile or domestic matter to any other division. LA.REV.STAT. § 13:357(B) is thus permissive rather than restrictive. Pragmatically, it allows the 14th
JDC to assign civil and criminal cases to divisions "C", "H", and "I" and/or assign juvenile and domestic cases to divisions "A", "B", "D", "E", "F" and/or "G" should it choose to do so. But LA.REV.STAT. § 13:357(B) does not require the 14th
JDC to assign civil and criminal cases to divisions "C", "H", and/or "I" or require it to assign juvenile and domestic cases to divisions "A", "B", "C", "D", "E", "F", and/or "G". Consequently, LA.REV.STAT. § 13:357 does not prohibit the 14th
JDC from stopping the allotment of civil and criminal cases to a particular division which has been designated to handle juvenile and domestic matters.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ RICHARD L. MCGIMSEY Assistant Attorney General
 JDC:RLM:dam
[1] LA.REV.STAT. § 13:357. LA.REV.STAT. § 13:357 was recently upheld as constitutional by the Court of Appeal, Third Circuit inCarter v. Jones, et al., 2007-297 (La. App. 3 Cir. 10/17/07), 967 So.2d 615.
[2] Carter v. Jones, et al., 2007-297 (La. App. 3 Cir. 10/17/07), 967 So.2d 615.
[3] Carter v. Jones, et al., 967 So.2d at 619, citingPiper v. Olinde Hardware and Supply Co., Inc.,288 So.2d 626 (La. 1974), and Block v. Marks, 16 So. 649 (1895).